## CHARLES F. FILBRICK, Trustee, Complainant,
### *v.*
## MUNICIPALITY OF BAYAMÓN, Dft.

---

San Juan, Equity, No. 984.

Motion to Strike.

> 1. A motion to strike another motion is not the practice in this court, and will be denied as unnecessary.

Suit to Quiet Title—Location of Land.

> 2. In a bill to quiet title, plaintiff need not locate the road which he says defendant claims; it is sufficient if he alleges that it runs through his property.

Bill Pro Confesso—Failure of Clerk of Court to Grant.

> 3. Where the plaintiff has made a motion before the clerk of the court to take the bill pro confesso, and the clerk should have granted it but did not, the matter should be brought before the court by review, and not by an oral motion to ask the clerk to do what it does not appear he has refused to do.

Opinion filed January 22, 1917.

---

*Mr. O. M. Wood* for complainant.

*Mr. E. B. Wilcox* for defendant.

Filbrick v. Bayamón.

HAMILTON, Judge, delivered the following opinion:

In this case it seems that there are several motions, and I will try to dispose of them as they have been presented.

1. In the first place I might mention two motions to strike other motions. That is not our practice. It confuses the record to make a motion to strike another motion. That might be followed by another motion to strike the last for apparent reasons. The simplest plan, and the one pursued in this court, always has been that a motion is made, and that motion is presented and argued, and the court passes on it as to whether it is good or bad, and the court then grants it or denies it. It is not necessary to have another motion to ask the court to do what it is going to do anyhow. So, those two motions are denied as unnecessary.

2. The case comes up, as I understand it, on the motion to dismiss the amended bill because it is vague, etc., for certain reasons specified. Taking these up, uncertainty is alleged as to the parties. That does not seem to be insisted upon, so it will be considered as withdrawn or overruled. Next, that the amended bill fails to describe with certainty part of the tracts which plaintiff alleges defendant claims. As I understand the amended bill and the argument, of course confined to the terms of the amended bill, the plaintiff sets up that the defendant claims to own a road through the plaintiff's property, but plaintiff cannot find out where that road ought to be. He denies that it exists as a physical fact. The defendant says this is not sufficient; that plaintiff must go on and say where he thinks the defendant thinks the road ought to be. I think that is going too far. Let me use an analogy. Frequently the legis-

Filbrick v. Bayamón.

lature gives a railroad a right of way between two points, through perhaps public lands or any other land. That is very indefinite, and yet it is a perfectly good grant. If the man owning land in question or in possession of it wished to deny the validity of the railroad grant, that owner or possessor could file a bill in equity against the railroad company to test whether the alleged illegal legislation was a cloud upon his title or not. It would not be necessary for the railroad to have located the road. It need only be alleged that that railroad would when built pass through the plaintiff's land. It would be unnecessary to say where it would pass through. It would make no difference where it would pass through. It would be a cloud upon his title anywhere. It would be more than a cloud; it would be a kind of sword of Damocles which would fall somewhere on the plaintiff's land. It would do as much injury to the plaintiff if it fell in one place as if it fell in another. The plaintiff says that this potential road passes through his land, and I think that is all that is necessary in the case of an uncertain right of way. The plaintiff says it is uncertain, and says he cannot find it. This may or may not be so. It is a question of fact which comes later. So, it seems to me that the motion to dismiss on the second ground must be denied. The third seems to be a different statement of the same point, and will be denied. So the motion to dismiss the amended bill is denied.

3. There seems to be a further motion here for a decree pro confesso. This has not been argued. I do not know how it comes up. The motion is this: The plaintiff moves the court for a decree pro confesso for the reasons set forth as follows: First, an amended bill was ordered by this court on the 27th

of November and duly filed on the 6th of December; second, it does not appear that this court has enlarged the time for filing answer; third, the time set forth for filing such answer under the rule has passed with increment, and up to this date the record shows no answer to have been filed. Therefore the plaintiff prays an order, etc. That is to say, thirty days have elapsed since the 6th of December. I suppose that is the point. Motion for decree pro confesso was filed on January 3d. After that was filed on January 11th the motion to dismiss the amended bill. This amended bill was filed on the 6th of December. New equity rule No. 16 says: It shall be the duty of the defendant, unless the time shall be enlarged, for cause shown, by a judge of the court, to file his answer or other defense to the bill in the clerk's office within the time named in the subpœna, as required by rule 12. That is twenty days. In default thereof the plaintiff may, at his election, take an order as of course that the bill be taken pro confesso; and thereupon the cause shall be proceeded with in ex parte. Rule 2 and rule 5 say that these orders shall be taken before the clerk. This motion, as I understand, has been filed in the clerk's office, but it has not been passed on by the clerk. So, it was applied for in time, but in point of fact the clerk did not grant it. It is, however, a matter of course. This is not a question of final decree at all. That comes after thirty days. It is simply a question of taking an order pro confesso before the clerk. The circumstances seem ripe for taking the order before the clerk. The application was made, but the clerk did not grant it. So, the question simply is, where the plaintiff has made a motion pro confesso before the clerk, and the clerk should have granted it but did not, what is the situation afterwards when the de-

Filbrick v. Bayamón.

fendant files a motion to dismiss the amended bill? Does that in any way change the facts of the case and the rights of the parties? The clerk's office and the court are two different branches of the court. No motion is addressed to me. There is nothing asked of the court in the matter. All I can say, if anything, is that the clerk apparently ought to have granted the order. What the effect is I cannot say at present. He did not grant it, and all I can do is to dispose of the motions that are before me. I think I have done that. What is the effect as to the decree pro confesso I do not undertake to say. Your motion is based upon the action of the clerk, and I do not think I am called upon to decide anything further. I will not instruct the clerk to enter the order nunc pro tunc or otherwise. If he does not act upon any proper motion, it should be brought up by some method of review, and not by oral motion to ask him to do what it does not appear he has refused to do.